Filed 4/15/25  P. v. Arreguin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>RALPH ARREGUIN,<br><br>　　Defendant and Appellant. | G063800<br><br>(Super. Ct. No. 06CF3589)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Reversed and remanded.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Ralph Arreguin appeals an order denying his petition for resentencing under Penal Code section 1172.75.[1] Pursuant to that section, resentencing generally is required when the defendant is serving a sentence for a judgment that includes a prior prison term enhancement under section 667.5, subdivision (b) (section 667.5(b)). Although Arreguin's judgment includes three such enhancements, the trial court determined he was ineligible for resentencing because their punishment was stayed at the time of sentencing. Arreguin contends that ruling was erroneous, and we agree.

In coming to this conclusion, we recognize there is currently a split of authority in the courts of appeal regarding whether section 1172.75 applies when a prison prior was imposed but stayed, and the California Supreme Court is poised to decide this issue. Pending the Supreme Court's decision, we interpret section 1172.75 as encompassing stayed enhancements. We therefore reverse the trial court's order denying Arreguin's petition and remand the matter for resentencing.

PROCEDURAL BACKGROUND

In 2007, Arreguin was convicted of multiple felony offenses and found to have suffered several prior convictions. He also admitted having served three prior prison terms within the meaning of section 667.5(b), which stemmed from various low level felonies he committed in earlier cases. The trial court sentenced him to an aggregate prison term of 35 years to life in prison. In so doing, the court imposed and stayed punishment on the prior prison term enhancements. They are listed in the abstract of judgment with an "S" next to them, indicating they were charged and found true, but the time imposed for them was stayed.

_____

[1] All further statutory references are to the Penal Code.

2

Effective January 1, 2020, the Legislature limited the applicability of section 667.5(b) to prior prison terms that were served for sexually violent offenses. (Stats. 2019, ch. 590, § 1.) In light of that development, Arreguin petitioned the trial court to recall his sentence and resentence him pursuant to section 1172.75. But because Arreguin's punishment on his prison priors was stayed, the court found him ineligible for relief and denied his petition.

## DISCUSSION

Arreguin contends the trial court erred in denying his resentencing petition. We agree.

Before 2020, section 667.5(b) "required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) Effective January 1, 2020, section 667.5 was amended "by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid." (*People v. Burgess, supra*, 86 Cal.App.5th at p. 380.)

Those changes were made retroactive through the passage of subsequent legislation, including section 1172.75. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399.) The statute declares that any prior prison term enhancement that was imposed for a nonsexually violent offense before 2020 is legally invalid. (§ 1172.75, subd. (a).) It also provides an ameliorative remedy when the defendant's judgment includes such an enhancement. Indeed, the statute *requires* the trial court to recall the defendant's sentence and resentence him in that situation. (*Id.*, subd. (c).) Resentencing "shall

3

result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (*Id.*, subd. (d)(1).)

The question in this case is whether the term "imposed" in section 1172.75 is limited to sentences that were both imposed and executed, or whether it includes sentences that were imposed then stayed. Although one court has adopted the former position (*People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169), the majority of courts have adopted the latter view (*People v. Mayberry* (2024) 102 Cal.App.5th 665, 668, 674, review granted Aug. 14, 2024, S285853; *People v. Christianson* (2023) 97 Cal.App.5th 300, 305, review granted Feb. 21, 2024, S283189; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276–1279, review granted Mar. 12, 2024, S283547; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282–1293; see also *People v. Espino* (2024) 104 Cal.App.5th 188, 193 [section 1172.75 applies to sentences that were imposed and stricken].).

As explained in the majority opinions, interpreting the word "imposed" in section 1172.75 to include a sentence enhancement that was imposed and stayed is supported by the "context of the entire statutory scheme, the stated legislative intent, and the legislative history." (*People v. Christianson, supra*, 97 Cal.App.5th at p. 311, review granted.) A stayed enhancement also carries the potential for execution at some date in the future, which favors an expansive interpretation of the statute. (*Id.* at p. 312; *People v. Mayberry, supra*, 102 Cal.App.5th at p. 674, review granted.)

For all these reasons, we join the majority position and conclude the trial court erred by denying Arreguin's petition for recall and resentencing in this case. The fact his punishment for having served prior

prison terms was stayed rather than executed does not bar his entitlement to relief under section 1172.75.

## DISPOSITION

The trial court's postjudgment order denying Arreguin's petition is reversed and the matter is remanded for the trial court to recall his sentence and resentence him pursuant to the terms of section 1172.75.


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.

5